UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY LYNN REVERE,

       Plaintiff,

v.                                     Case No. 09-11851
                                     Honorable Patrick J. Duggan

BANK OF NEW YORK as TRUSTEE
FOR S SCWABS INC., WILMINGTON
FINANCE a division of AIG FEDERAL
SAVINGS BANK, DEVON TITLE AGENCY,
COUNTRYWIDE HOME LOANS, and MERS,

       Defendants.
_____/

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 18, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Plaintiff initiated this *pro se* action against Defendants on May 14, 2009,

challenging foreclosure and eviction proceedings related to real property located at 2640

Hummer Lake Road in Ortonville, Michigan ("property").  With her Complaint, Plaintiff

has filed an "Emergency Ex-Parte Motion for Stay of Eviction Proceedings."  For the

reasons that follow, Plaintiff's motion is denied.

### **Factual and Procedural Background**

According to the documents attached to Plaintiff's Complaint, on November 23,

2005, Plaintiff signed a mortgage on the property in connection with a loan in the amount

of $282,000 from Defendant Wilmington Finance, a division of AIG Federal Savings

Bank.  (Compl. Ex. 3 at 2.)  The mortgage identified Defendant Mortgage Electronic

Registration Systems, Inc. ("MERS") as the mortgagee.  (*Id*.)  On October 4, 2007,

Plaintiff was notified that foreclosure proceedings were being instituted against the

property as a result of outstanding mortgage debt totaling $294,018.05.  (*Id*., Ex. 7 at 3.)

A foreclosure sale occurred on November 6, 2007.  (*Id*. at 4-5.)  According to the

Sheriff's Deed, MERS was the highest bidder at the sale and the property was conveyed

to it for $297,089.70.  (*Id*. at 7.)  On November 16, 2007, MERS quit claimed the

property to Defendant Bank of New York "as Trustee for the Certificateholder [sic] S

Cwabs, Inc. Asset-Backed Certificates, Series 2006-BC2" ("Bank of New York as

Trustee").  (*Id*. at 10 (capitalization removed).)

On November 19, 2008, as "representative of the new owner of the property,"

Defendant Countrywide ("Countrywide") informed Plaintiff of its intent to market and

sell the property.  (Compl. Ex. 7 at 15.)  Countrywide further informed Plaintiff:

"Countrywide thus will soon begin legal proceedings necessary to take possession of the

property, otherwise known as an eviction."  (*Id*.)  According to Countrywide's notice,

although it might start the eviction process, it would "not attempt to formally take

possession of the property until January 18, 2009 or until legally allowed by state law,

whichever is later."  (*Id*.)  In other words, as Countrywide provided: ". . . you have until

January 18, 2009, or later if required by law, to voluntarily vacate the property.  After that

time, Countrywide will attempt to take possession in accordance with state law." (*Id.*)

On November 20, 2008, the Bank of New York as Trustee filed a complaint for termination of tenancy against Plaintiff, "Mr. Occupant," and "Mrs. Occupant" in the 52nd District Court- 2nd Division in Clarkston, Michigan ("state court"). (Compl. Ex. 7 at 16.) In its state court complaint, the Bank of New York as Trustee asserted that it "has terminated tenancy and has a right to possession of the property because . . . Defendants are wrongfully holding over after the expiration of the redemption period following a mortgage foreclosure sale. (*Id.* (emphasis removed).) A summons was issued informing Plaintiff of the state court complaint and summoning her to appear in court on December 16, 2008. (*Id.* at 17.) The summons provides, in part: "If you are in district court on time, you will have the opportunity to give the reasons why you feel you should not be evicted. Bring witnesses, receipts, and other necessary papers with you." (*Id.*)

Following a hearing in the state court on December 16, 2008, at which Plaintiff was present (*see* Mot. at 5), 52nd District Court Judge Kelley Kostin issued a judgment finding that the Bank of New York as Trustee has a right to possession of the property. (Compl. Ex. 2 at 3.) The judgment indicates that an order evicting Plaintiff would be issued on or after January 30, 2009. (*Id.*) The judgment advised Plaintiff that she "may file a motion for a new trial, a motion to set aside a default judgment, or file an appeal and appeal bond." (*Id.*) There is no indication in Plaintiff's pleadings or the exhibits attached thereto that she took any action in response to the judgment.

On May 11, 2009, pursuant to the judgment, Judge Kostin issued an order of

3

eviction.  (Compl. Ex. 1 at 1.)  Plaintiff thereafter filed the pending action and motion.

**Plaintiff's Emergency Motion**

In her motion, Plaintiff asks this Court to stay the writ of eviction pending the

disposition of her Complaint.  Plaintiff indicates that "newly discovered evidence places

[her] and her children in eminent danger of being wrongfully evicted, . . ."  (Mot. at 3.)

According to Plaintiff, she and Countrywide "had an agreement or a meeting of the

minds" that eviction proceedings would not begin until January 19, 2009" and she was

unable to prepare a defense when she "was collaterally stunned and attacked with" the

summons to appear for the eviction hearing on December 16, 2008.  (*Id*. at 4-5.)  Plaintiff

indicates that, although she appeared at the December 16 hearing, she was "unprepared to

defend and [was] completely bewildered."  (*Id*. at 5.)  Plaintiff provides that, since that

time, she has concluded that Defendants have perpetrated major fraud upon her.  (*Id*.)

Plaintiff argues that the Bank of New York as Trustee has failed to present or produce any

contract with Plaintiff and therefore lacks standing to bring the eviction proceedings

against her.  (*Id*. at 6.)  Plaintiff also alleges that Judge Kostin "made a pre-disposed

ruling against [her] . . ."  (*Id*.)

**Analysis**

Plaintiff seeks relief from the state court's eviction order in her pending motion.

Pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter to grant Plaintiff

relief.  Under that doctrine, "lower federal courts lack subject matter jurisdiction to

review the decisions of state courts."  *Givens v. Homecomings Financial*, 278 Fed. App'x

4

607, 608-09 (6th Cir. May 20, 2008) (unpublished opinion) (attached as Ex. 1) (citing

*D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311 (1983) and *Rooker*

*v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150 (1923)).  As the Supreme Court

recently clarified, application of the *Rooker-Feldman* doctrine "is confined to . . . cases

brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting [federal] district

court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517,1521-22 (2005).

     The circumstances of the present case are identical to those in *Givens*.  Like the

plaintiff in that case, Plaintiff lost a state court foreclosure and possession action that

culminated in an eviction order.  *Givens*, 278 Fed. App'x at 608.  Also like the plaintiff in

*Givens*, Plaintiff is asking a federal district court to temporarily enjoin the execution of

the state court order.  As the Sixth Circuit concluded in *Givens*, this Court lacks

jurisdiction to adjudicate Plaintiff's request.

     Accordingly,

     **IT IS ORDERED**, that Plaintiff's Emergency Ex-Parte Motion for Stay of

Eviction Proceedings is **DENIED**.

                        s/PATRICK J. DUGGAN
                        UNITED STATES DISTRICT JUDGE

Copies to:
Cindy Lynn Revere
2640 Hummer Lake Road
Ortonville, MI 48462

## Exhibit 1

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Sixth Circuit Rule 28. (Find CTA6 Rule 28)

United States Court of Appeals,
Sixth Circuit.
Jason GIVENS, Plaintiff-Appellant,
v.
HOMECOMINGS FINANCIAL, Defendant-Appellee,
Trott & Trott, P.C., Defendant-Appellee,
Susan Myers, Defendant-Appellee.
**No. 07-2359.**

May 20, 2008.

**Background:** Mortgagor brought Fair Debt Collection Practices Act (FDCPA) action against mortgagee following state court order granting mortgagee possession of residence due to mortgagor's default. The United States District Court for the Eastern District of Michigan dismissed the action. Mortgagor appealed.

**Holdings:** The Court of Appeals, Rogers, Circuit Judge, held that:
(1) federal court lacked subject matter jurisdiction over action under *Rooker*- *Feldman* doctrine, and
(2) action was also barred by res judicata.

Affirmed.

West Headnotes

**[1] Courts 106 ⌐509**

106 Courts
    106VII Concurrent and Conflicting Jurisdiction
        106VII(B) State Courts and United States Courts
            106k509 k. Vacating or Annulling Decisions. Most Cited Cases
Federal court lacked subject matter jurisdiction over Fair Debt Collection Practices Act (FDCPA) action brought against mortgagee following state court order granting mortgagee possession of

residence due to mortgagor's default on mortgage, under *Rooker*- *Feldman* doctrine, since FDCPA action was effectively an attempt to appeal the state court order. Fair Debt Collection Practices Act, § 802 et seq., 15 U.S.C.A. § 1692 et seq.


**[2] Mortgages 266 ☞497(1)**


266 Mortgages
    266X Foreclosure by Action
        266X(K) Judgment or Decree
            266k497 Conclusiveness, Operation, and Effect of Judgment or Decree
                266k497(1) k. In General. Most Cited Cases

Fair Debt Collection Practices Act (FDCPA) action that was brought against mortgagee after state court order granted mortgagee possession of residence due to mortgagor's default on mortgage was barred by res judicata, since it was based on issue of whether mortgagee was entitled to possession of the property, and this issue had been litigated in the state courts. Fair Debt Collection Practices Act, § 802 et seq., 15 U.S.C.A. § 1692 et seq.


**\*608** On Appeal from the United States District Court for the Eastern District of Michigan.


Before: ROGERS, COOK, and McKEAGUE, Circuit Judges.


ROGERS, Circuit Judge.


**\*\*1** Jason Givens appeals the dismissal of his Fair Debt Collection Practices Act ("FDCPA") action under the doctrines of *Rooker*- *Feldman* and *res judicata.* Givens's mortgagee obtained a state court order granting it possession of Givens's residence after he defaulted on his home mortgage. Givens then filed the immediate action in district court, seeking an injunction barring the enforcement of the order of possession. Because Givens's suit is essentially an appeal from a state court decision, we affirm. The federal district courts do not hear appeals from state courts.


In December 2004, Givens executed a mortgage on his home. He defaulted on the loan shortly thereafter, and the mortgagee, JP Morgan Chase bank, foreclosed. After a sheriff's sale was held, JP Morgan Chase brought an eviction action in Michigan's 36th District Court. That court issued an order granting possession to JP Morgan Chase and requiring Givens to vacate the premises. Givens appealed that judgment to the Wayne County Circuit Court, but the appeal was dismissed due to his failure to file a transcript of the lower court proceedings.


In December 2006, Givens brought the instant action in federal district court against Homecomings Financial, who was JP Morgan Chase's loan servicer, as well as against the attorneys who assisted JP Morgan Chase in the state proceedings. Givens alleged that defendants violated the FDCPA by

failing to provide him with sufficient verification of his debt. He also brought related claims for conspiracy, intentional infliction of emotional distress, and violations of RICO. Foremost among the remedies requested, Givens asked that the district court issue a preliminary injunction enjoining defendants from entering the property at issue and "dispos[ing] of" the order of possession. After defendants moved for summary judgment, the district court dismissed Givens's complaint. The district court concluded that, under the *Rooker*- *Feldman* doctrine, it lacked subject matter jurisdiction over the suit because Givens was asking it to reverse the state court judgment. In the alternative, it held that Givens's suit was barred by the doctrine of *res judicata,* as his claims were either litigated, or could have been, during the state proceeding.

[1] The district court was correct. Because Givens is effectively attempting to appeal from the state order granting possession to JP Morgan Chase, his suit was properly dismissed under *Rooker*- *Feldman*. Pursuant to that doctrine, lower federal courts lack subject matter jurisdiction**\*609** to review the decisions of state courts. *D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). As the Supreme Court has recently clarified, however, the application of *Rooker*- *Feldman* is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Thus, *Rooker*- *Feldman* deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself. *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir.2006).

**\*\*2** Givens's suit fits squarely within this narrow range of cases over which jurisdiction does not exist. It is clear from his complaint that the source of Givens's injuries is the state possession order. Revealingly, the primary relief that Givens requests in his complaint is a temporary injunction that would "enjoin Defendants from physically entering onto plaintiff[']s property" and that would "dispos[e] ... of any other civil or procedural action regarding the subject property." Because the point of this suit is to obtain a federal reversal of a state court decision, dismissal on the grounds of *Rooker*- *Feldman* was appropriate.[FN1] *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.,* 161 Fed.Appx. 487, 489-90 (6th Cir.2005) ( *Rooker*- *Feldman* barred FDCPA action filed after entry of state foreclosure decree and order of sale).

> FN1. Even assuming that Givens's claims for intentional infliction of emotional distress could be construed as independent claims for relief, he has not made any arguments that even remotely assert this on appeal. This court consequently declines to address that issue. *See Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 578 (6th Cir.2002).

[2] For similar reasons, Givens's suit is also barred by the doctrine of *res judicata.* As discussed, Givens's arguments all come down to one premise: that JP Morgan Chase was not entitled to possession of the property in question. That issue, however, has already been litigated in the Michigan courts. Under Michigan law, a party may not bring a second, subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State,*

470 Mich. 105, 680 N.W.2d 386, 396 (2004). Because all of those criteria are satisfied here, dismissal was proper.


C.A.6 (Mich.),2008.
Givens v. Homecomings Financial
278 Fed.Appx. 607, 2008 WL 2121008 (C.A.6 (Mich.))