UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY LYNN REVERE,

      Plaintiff,

v.                                          Case No. 09-11851
                                          Honorable Patrick J. Duggan

BANK OF NEW YORK as TRUSTEE
FOR S SCWABS INC., WILMINGTON
FINANCE a division of AIG FEDERAL
SAVINGS BANK, DEVON TITLE AGENCY,
COUNTRYWIDE HOME LOANS, and MERS,

      Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 31, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiff initiated this *pro se* action against Defendants on May 14, 2009, challenging foreclosure and eviction proceedings related to real property located at 2640 Hummer Lake Road in Ortonville, Michigan ("property"). Presently before the Court are the following motions:

      (1)    Defendant Devon Title Agency's ("Devon") motion for summary judgment (Doc. 9)

      (2)    Plaintiff's motion to dismiss/strike Devon's motion and demand for entry of summary and default judgment (Docs. 12 & 17);

      (3)    A motion to dismiss pursuant to Rule 12(b)(6) of the

>    Federal Rules of Civil Procedure by Defendants Bank of New York as Trustee for S Scwabs, Inc. ("Bank of New York"), Wilmington Finance ("Wilmington"), Countrywide Home Loans ("Countrywide"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (Doc. 11);

(4)  Plaintiff's motion to dismiss the above motion and demand for entry of default judgment (Doc. 14); and,

(5)  Defendant AIG Federal Savings Bank's ("AIG") motion to dismiss (Doc. 18).

For the reasons that follow, the Court grants Defendants' motions and denies Plaintiff's motions.

## Factual and Procedural Background

According to the documents attached to Plaintiff's Complaint, on November 23, 2005, Plaintiff signed a mortgage on the property in connection with a loan from Wilmington in the amount of $282,000. (Compl. Ex. 3 at 2.) The mortgage identified MERS as the mortgagee. (*Id*.) On October 4, 2007, Plaintiff was notified that foreclosure proceedings were being instituted against the property as a result of outstanding mortgage debt totaling $294,018.05. (*Id*., Ex. 7 at 3.) A foreclosure sale occurred on November 6, 2007. (*Id*. at 4-5.) According to the Sheriff's Deed, MERS was the highest bidder at the sale and the property was conveyed to it for $297,089.70. (*Id*. at 7.) On November 16, 2007, MERS quit claimed the property to the Bank of New York. (*Id*. at 10.)

On November 19, 2008, as "representative of the new owner of the property,"

Countrywide informed Plaintiff of its intent to market and sell the property. (Compl. Ex. 7 at 15.) Countrywide further informed Plaintiff: "Countrywide thus will soon begin legal proceedings necessary to take possession of the property, otherwise known as an eviction." (*Id.*) According to Countrywide's notice, although it might start the eviction process, it would "not attempt to formally take possession of the property until January 18, 2009 or until legally allowed by state law, whichever is later." (*Id.*) In other words, as Countrywide provided: ". . . you have until January 18, 2009, or later if required by law, to voluntarily vacate the property. After that time, Countrywide will attempt to take possession in accordance with state law." (*Id.*)

On November 20, 2008, the Bank of New York filed a complaint for termination of tenancy against "[Plaintiff], Mr. Occupant, and Mrs. Occupant" in the 52nd District Court- 2nd Division in Clarkston, Michigan ("district court"). (Compl. Ex. 7 at 16.) In its district court complaint, the Bank of New York asserted that it "has terminated tenancy and has a right to possession of the property because . . . Defendants are wrongfully holding over after the expiration of the redemption period following a mortgage foreclosure sale. (*Id.* (emphasis removed).) A summons was issued informing Plaintiff of the district court complaint and summoning her to appear in court on December 16, 2008. (*Id.* at 17.) The summons provides, in part: "If you are in district court on time, you will have the opportunity to give the reasons why you feel you should not be evicted. Bring witnesses, receipts, and other necessary papers with you." (*Id.*)

Following a hearing in the district court on December 16, 2008, where Plaintiff

was present (*see* Doc. 3 at 5), Judge Kelley Kostin issued a judgment granting the Bank of New York the right to possess the property. (Compl. Ex. 2 at 3.) The judgment indicates that an order evicting Plaintiff would be issued on or after January 30, 2009. (*Id.*) The judgment advised Plaintiff that she "may file a motion for a new trial, a motion to set aside a default judgment, or file an appeal and appeal bond." (*Id.*)

On January 9, 2009, Plaintiff filed an appeal of the district court's judgment in the Circuit Court for Oakland County, Michigan. The Bank of New York thereafter moved to dismiss the appeal, contending that Plaintiff failed to comply with the Michigan Court Rules when she filed her appeal and that her appeal was frivolous. (*See* Doc. 11 Ex. C.) In an opinion and order dated April 6, 2009, the Honorable Mark A. Goldsmith granted the Bank of New York's motion and dismissed Plaintiff's appeal.[1] (*Id.*) Judge Goldsmith concluded that Plaintiff failed to comply with Michigan Court Rule 7.101 by filing an untimely appeal brief and her appeal therefore was subject to dismissal. (*Id.*) Judge Goldsmith further concluded that, even if he considered the appeal on the merits, Plaintiff failed to raise in the district court any arguments as to why the judgment of possession is void or should be voided and that therefore those arguments had been waived. (*Id.*)

Plaintiff thereafter filed an "Emergency Ex-Parte Motion for Stay of Eviction Proceedings" in the district court. (Doc. 9 Ex. B.) Judge Kostin held a hearing with

---

[1]The Court may consider matters of public record, although not attached to Plaintiff's complaint, in deciding the pending motions to dismiss. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

respect to Plaintiff's motion on May 11, 2009.  (Doc. 14 Ex. 4.)  Plaintiff was present at the hearing.  (*Id.*)  At the conclusion of the hearing, Judge Kostin denied Plaintiff's motion and issued an order of eviction.  (*Id.* at 14; Compl. Ex. 1 at 1.)

Plaintiff thereafter filed the pending action, asking the Court *inter alia* to set aside and vacate the foreclosure, sheriff's sale, sheriff's deed, quitclaim deed, and "all other related Summary Judgments and Eviction Proceedings and void fraudulent Mortgage Note Contract."  (Compl. at 4.)

## Analysis

As an initial matter, in its motion for summary judgment, Devon contends that this Court lacks subject matter jurisdiction with respect to Plaintiff's claims against it because Plaintiff and Devon are not diverse for purposes of citizenship and Plaintiff fails to allege a claim against Devon "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1332.  This Court agrees.

Plaintiff is a Michigan resident and Devon is a Michigan corporation with its principal place of business in Troy, Michigan.  While Plaintiff refers to federal statutes in her Complaint, the allegations she asserts against Devon set forth only state law claims of false statements and forgery.  In fact, Plaintiff fails to set forth facts to support a federal claim against any defendant.

Plaintiff cannot establish federal question jurisdiction simply by citing federal statutes; she must set forth factual allegations to support a violation of those statutes.  *See Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 557, 127 S. Ct 1955, 1966 (2007) (providing that a complaint

5

does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") As a result, the Court lacks subject matter jurisdiction with respect to Plaintiff's Complaint in its entirety. This is because diversity jurisdiction is defeated by the inclusion of a non-diverse defendant, Devon, and the Court otherwise lacks federal subject matter jurisdiction.

Even if the Court were to construe Plaintiff's Complaint as alleging facts to support a federal claim against Defendants, this Court also lacks subject matter jurisdiction to grant Plaintiff's requested relief pursuant to the *Rooker-Feldman* doctrine. Under that doctrine, "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Financial*, 278 Fed. App'x 607, 608-09 (6th Cir. May 20, 2008) (unpublished opinion) (previously attached to Doc. 4) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150 (1923)). Stated differently, "federal courts below the United States Supreme Court may not exercise appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Executive Art Studios, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (quoting *Feldman*, 460 U.S. at 486-87, 103 S. Ct. at 1317). "In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction . . ." *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003).

Plaintiff's claims in this action are "inextricably intertwined" with the issues

6

decided in the state court proceedings.  This action essentially is an appeal of the state courts' decisions upholding the foreclosure and eviction proceedings.

To the extent Plaintiff's claim are not barred by *Rooker-Feldman*, they are barred by the doctrine of res judicata.  This doctrine "is employed to prevent multiple suits litigating the same cause of action." *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004).  The doctrine of res judicata bars claims and issues already litigated, as well as those arising from the same transaction that, with the exercise of reasonable diligence, could have been raised but were not.  *Id.* (citations omitted).

In the state courts, Plaintiff asserted that the Mortgage and Note and foreclosure and eviction proceedings are void or should be voided due to Defendants' fraud.  (*See* Doc. 9 Ex. B.)  The state courts rejected Plaintiff's argument and upheld the foreclosure and eviction.  Based on the res judicata doctrine, Plaintiff is barred from re-litigating those issues here.  *See supra*.

## Conclusion

For the above reasons, this Court concludes that it lacks subject matter jurisdiction to adjudicate the claims in Plaintiff's Complaint.  To the extent this Court may consider Plaintiff's claims, those claims are barred by res judicata.

Accordingly,

**IT IS ORDERED**, that Devon's motion for summary judgment (Doc. 9) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motions to dismiss/strike Devon's motion and demand for entry of summary and default judgment (Docs. 12 & 17) are

**DENIED**;

**IT IS FURTHER ORDERED**, that the motion to dismiss filed by Bank of New York, Wilmington, Countrywide, and MERS (Doc. 11) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion to dismiss the above-motion and demand for entry of default judgment against Bank of New York, Wilmington, Countrywide, and MERS (Doc. 14) is **DENIED**;

**IT IS FURTHER ORDERED**, that AIG's motion to dismiss (Doc. 18) is **GRANTED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Cindy Lynn Revere
2640 Hummer Lake Road
Ortonville, MI 48462

John E. Curley, Esq.
Gregory R. MacKay, Esq.
Kelly A. Myers, Esq.
Christopher G. Bovid, Esq.